MEMORANDUM **
California state prisoner Candelario Garza appeals the district court’s denial of his 28 U.S.C. § 2254 petition challenging his jury conviction for inflicting corporal injury on a spouse, dissuading a witness, and making criminal threats. Garza argues that the state trial court violated his federal due process rights and rendered his trial fundamentally unfair by admitting his former girlfriend’s testimony about pri- or conduct as propensity evidence.
Under the Antiterrorism and Effective Death Penalty Act (“AEDPA”), we may grant a habeas petition only if the state court’s decision was “forbidden by ‘clearly established Federal law,’ as laid out by the Supreme Court.” Holley v. Yarborough, 568 F.3d 1091, 1101 (9th Cir.2009) (quoting 28 U.S.C. § 2254(d)). A legal principle is “clearly established” within the meaning of 28 U.S.C. § 2254(d)(1) if “it is embodied in a holding of [the Supreme] Court.” Thaler v. Haynes, — U.S. -, 130 S.Ct. 1171, 1173, 175 L.Ed.2d 1003 (2010) (citing Carey v. Musladin, 549 U.S. 70, 74, 127 S.Ct. 649, 166 L.Ed.2d 482 (2006)).
Although the Supreme Court has said the writ should issue “when constitutional errors have rendered the trial fundamentally unfair,” the Supreme Court “has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ.” Holley, 568 F.3d at 1101. The Supreme Court reserved the issue of whether admitting other-crimes evidence to show conduct in conformity therewith violates due process. Estelle v. McGuire, 502 U.S. 62, 75 n. 5, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); see also Alberni v. McDaniel, 458 F.3d 860, 863 (9th Cir.2006). Therefore, we cannot conclude that the California Court of Appeal acted in an objectively unreasonable manner in concluding that the propen *692 sity evidence introduced against Garza did not violate due process.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.